IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

---

BRAD HAYNES,

    Plaintiff,

v.                                                                       Civil Action No.:

UNION PACIFIC RAILROAD COMPANY

    Defendant.

---

## **COMPLAINT**

### **NATURE OF ACTION**

1. The plaintiff Brad Haynes brings this action against the defendant for violations of the Federal Railway Safety Act, 49 U.S.C. Section 20109.

### **JURISDICTION**

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. Section 20109(b)(1)(A) ("FRSA").

### **PARTIES**

3. The Plaintiff is a natural person and citizen of White Cloud, Doniphan County, Kansas.

4. The defendant Union Pacific Railroad Company is a railroad carrier providing railroad transportation, with a usual place of business in Omaha, Nebraska.

1

# FACTS

5. During all times herein mentioned, the defendant Railroad Carrier was engaged in interstate commerce by providing railroad transportation between the states of Kansas and Missouri.

6. At the time of the defendant's FRSA violations, the plaintiff was employed by the defendant Railroad as a welder, and qualified as an employee within the meaning of 49 U.S.C. Section 20109.

7. Plaintiff had previously served the defendant UPRR as a Traveling Car Inspector (TCI) for several months when his job was abolished by UPRR during the summer of 2017.

8. Following the abolishment of his TCI position, the plaintiff bid onto the lower paying position as a welder.

9. In early 2018, the plaintiff applied for a now vacant TCI position with the defendant.

10. Shortly after, the plaintiff interviewed for the open TCI position. During the interview, he was asked if he would be willing to relocate to an area closer to the presumed needed locations. Complainant responded that he was not opposed to the relocating.

11. During the plaintiff's time as a carman welder, he routinely had one of the largest and most consistent lists of "bad order cars" in Kansas City. A "bad order car" is one that does not meet the requirements of the Federal Railroad Administration's regulations and must be pulled from service pending repair. During this time, the plaintiff also made several reports to the Federal Railroad Administration regarding these bad order cars because he was not satisfied with UPRR's response to his reports to UPRR about UPRR forcing employees to keep running cars that were defective and bad orders in violation of FRA regulations.

12. Following his interview for the TCI position, the plaintiff was informed that he would not be awarded the position and instead it would go to a junior employee. UPRR informed the plaintiff that he was not awarded the job because he was not the most qualified applicant.

13. Manager Christian Knapp later told other employees that the plaintiff was not being awarded the position because he was not located close enough to the job sites, even though the plaintiff had informed UPRR that he was not opposed to moving closer.

14. Over the next several months, the plaintiff learned that the person who had been awarded the TCI position resided many hours further away from many of the call out locations than the plaintiff.

15. The plaintiff alleges that he was denied the better paying position because of his report of FRA defective, unsafe bad order cars to UPRR and his report of such cars to the FRA.

16. That UPPR failure to promote the plaintiff was pretextual in nature and was retaliatory for his good faith report of safety conditions to his managers and the Federal Railroad Administration.

17. As a result of UPRR's conduct, the plaintiff suffered various economic harms as well as emotional distress and mental anguish.

## **FRSA CAUSE OF ACTION**

18. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 17 of this Complaint with the same force and effect as if set forth under this cause of action.

19. The plaintiff engaged in protected activity under the FRSA when he reported hazardous safety conditions to his managers and supervisors, and when he called and reported hazardous safety conditions to the Federal Railroad Administration.

20. The defendant UPRR had knowledge of all the protected activities referenced above.

21. The defendant UPRR took adverse or unfavorable actions against the plaintiff in whole or in part due to his protected activities when it did not hire him to his previously held position of TCI, and in turn hired another employee that resided farther than the plaintiff from many of the worksites. In so doing, defendant acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

22. On April 18, 2018, the plaintiff filed a FRSA Complaint with the Secretary of Labor's Region VII OSHA Whistleblower Office. That was within 180 days from the date the plaintiff became aware of the defendant Railroad's intent to take adverse or unfavorable personnel action against him.

23. The Region VII OSHA Whistleblower Office investigated the complaint and issued a ruling dismissing the complaint on April 5, 2019.

24. The plaintiff filed objections to the Secretary's Findings and requested a hearing before an Administrative Law Judge on April 19, 2019.

25. The plaintiff filed a Petition for Review with the Administrative Review Board on April 8, 2021.

26. A final ruling has not been issued to date.

27. Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. Section 20109(d)(3).

28. Pursuant to FRSA 49 U.S.C. 20109(d)(3), the plaintiff now is bringing this original action at law and equity for de novo review by the United States District Court for the Western District of Missouri, which Court has jurisdiction over this FRSA action without regard to the amount in controversy.

WHEREFORE, in order to encourage employees to freely report hazardous health and safety violations without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to:

1. Expungement of any references to disciplinary action taken by Defendant Railroad;

2. Reinstatement to Plaintiff's TCI position;

3. Lost benefits with interest;

4. Lost wages with interest;

5. Compensatory damages for economic losses due to defendant's conduct;

6. Compensatory damages for mental anguish and emotional distress due to defendant's conduct;

7. The statutory maximum of punitive damages; and

8. Special damages for all litigation costs including expert witness fees and attorney fees.

PLAINTIFF DEMANDS TRIAL BY JURY.

                GROVES POWERS, LLC

                /s/ *Steven L. Groves*
                Steven L. Groves, #40827
                U.S. Bank Plaza
                505 N. 7th Street, #2010
                St. Louis. MO 63101
                Telephone: (314) 696-2300
                Facsimile: (314) 696- 2304
                Email: sgroves@grovespowers.com