# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BRAD HAYNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-cv-00329-FJG |
| UNION PACIFIC RAILROAD, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT UNION PACIFIC RAILROAD'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Union Pacific Railroad Company ("Defendant") submits its Answer to Plaintiff's Complaint ("Complaint") and states as follows:

## NATURE OF COMPLAINT

1. Defendant admits that Plaintiff claims his action is instituted and prosecuted pursuant to the provisions of the Federal Rail Safety Act, 49 U.S.C. § 20109 ("FRSA") but denies that Plaintiff is entitled to recover any damages under the terms and provisions of the FRSA .

## JURISDICTION

2. Defendant states that the allegations in paragraph 2 of Plaintiff's Complaint are a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits that this Court has subject matter jurisdiction but denies that Plaintiff is entitled to recover under the FRSA.

## PARTIES

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of assertion of Plaintiff's citizenship or residency and, therefore, denies these allegations.

4. Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

# FACTS

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant denies that it committed FRSA violations. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 and, therefore, denies the remaining allegations.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies the allegations.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and, therefore, denies the allegations.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies the allegations.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies the allegations.

11. Defendant denies that it forced employees to keep running cars that were defective and bad orders in violation of FRA regulations. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 and, therefore, denies the remaining allegations.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and, therefore, denies the allegations.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and, therefore, denies the allegations.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and, therefore, denies the allegations.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

## **FRSA CAUSE OF ACTION**

18. Defendant incorporates its answers to paragraphs 1 through 17 as if fully set forth herein.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies that it took any adverse or illegal action against Plaintiff. Defendant admits the remaining allegations in paragraph 22 of the Complaint.

23. Defendant admits the allegations in paragraph 23.

24. Defendant admits the allegations in paragraph 24.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant states that the allegations in paragraph 27 of Plaintiff's Complaint are a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 27.

28. Defendant states that the allegations in paragraph 28 of Plaintiff's Complaint are a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits that this Court has subject matter jurisdiction but denies that Plaintiff is entitled to recover under the FRSA.

Union Pacific denies that Plaintiff is entitled to judgment, costs, post judgment interest, or any other relief as asserted in Plaintiff's WHEREFORE clause.

## GENERAL DENIAL

Union Pacific denies every allegation contained in Plaintiff's Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, and all Counts thereof, fails to state a claim upon which relief can be granted, and must therefore be dismissed.

2. Plaintiff cannot recover under 49 U.S.C. § 20109 because Defendant's actions toward Plaintiff were not in whole or in part the result of Plaintiff's claims of an alleged protected activity.

3. Defendant's actions were for legitimate reasons that did not and do not violate any statue or otherwise give rise to liability.

4. All actions taken by Defendant towards Plaintiff were based on reasonable and justifiable factors.

5. Defendant states that allegations taken were in good faith and based on factors other than any protected status or alleged protected activity.

6. Defendant has failed to act in good faith when exercising his contractual rights.

7. In the alternative Defendant states that it would have taken the same actions concerning Plaintiff in the absence of any alleged impermissible contributing factor.

8. To the extent Plaintiff seeks punitive damages, Defendant states than an award of punitive damages deprives Defendant of property without due process of law in violation of Defendant's right under the United States Constitution, and the standard for determining whether

to impose punitive damages is vague and indefinite, does not provide adequate guidance to the trier of fact, and fails to require proof by an appropriate standard.

9. To the extent Plaintiff seeks punitive damages, Defendant states that Plaintiff is not entitled to punitive damages in that Defendant has acted at all time with good faith efforts to comply with all applicable laws prohibiting discrimination.

10. To the extent Plaintiff seeks punitive damages, Defendant states that Plaintiff has alleged no conduct on which exemplary or punitive damages can be based, and therefore Plaintiff is not entitled to recovery punitive damages from Defendant.

11. To the extent that the Court determines that any of Defendant's agents acted maliciously or with reckless indifference to the Plaintiff's right under the FRSA, such acts were contrary to Defendant's good-faith efforts to comply with the FRSA, and as such Defendant cannot be held vicariously liable for any award of punitive damages.

12. Defendant exercised reasonable care to prevent and correct promptly any alleged discrimination, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities Defendant provided.

13. Plaintiff cannot establish causation.

14. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

Respectfully submitted,

HALL & EVANS, LLC

By: /s/ *Kathryn A. Lewis*
Kathryn A. Lewis, Mo. Bar. #50821

1111 Main Street
Suite 700
Kansas City, MO 64105
Telephone: (816) 340-6785
Facsimile: (303) 628-3368
Email: lewisk@hallevans.com